# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5456 | **DATE** | 5/15/2001 |
| **CASE TITLE** | PETER MILTON JOSEPH vs. BEVERLY LACOSTE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held. Enter Memorandum Opinion And Order. Defendants' motion to dismiss the complaint is granted as to Counts I, II, IV, and VII. Defendant LaCoste is dismissed as a defendant in all remaining Title VII claims.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 1 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 15 PM 5: 35 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |



# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.

PETER MILTON JOSEPH,

    Plaintiff,

v.

BEVERLY LACOSTE and
CHICAGO BOARD OF EDUCATION,

    Defendants.

Case 00 C 5456

The Honorable John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter Milton Joseph has filed a seven-count *pro se* Complaint against Beverly LaCoste and the Chicago Board of Education. Defendants have moved to dismiss the Complaint under FED.R.CIV.P. 12(b)(6). Defendants' Motion is granted as to Counts I, II, IV, and VII. Defendant LaCoste is dismissed as a defendant in all remaining Title VII claims.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations of the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities should be construed in favor of the plaintiff. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

## DISCUSSION

Plaintiff's Count I alleges that LaCoste's evaluation (LaCoste is the principal at the school where Plaintiff works as a teacher) of Plaintiff's performance as merely "satisfactory" constituted racial discrimination in violation of Title VII. To state a cause of action for discrimination under Title VII, Plaintiff must allege that he suffered an "adverse employment action." *Maarouf v. Walker Manufacturing Co.*, 210 F.3d 750, 751 (7th Cir. 2000). "[P]oor performance evaluation alone, even if undeserved, is not an adverse action." *Speer v. Rand McNally & Co.*, 123 F.3d 658, 663 (7th Cir. 1997). Defendants' Motion to Dismiss is granted as to Count I.

Plaintiff's Count II alleges that Lacoste's failure to sign Plaintiff's application for a grant and "disparagement" of Plaintiff constituted racial discrimination in violation of Title VII. Neither act constitutes a "materially adverse change in the terms and conditions of employment" so as to qualify as an adverse employment action. *See Crady v. Liberty National Bank and Trust Co. of Indiana*, 993 F.2d 132, 135 (7th Cir. 1993). Defendants' Motion to Dismiss is granted as to Count II.

Plaintiff's Count III makes two allegations. First, Count III alleges that Defendants' issuance of a test score report reflecting poorly on Plaintiff's job performance constituted discrimination and retaliation in violation of Title VII. In conjunction with this claim, Plaintiff asserts he was denied the right to teach older students and AP students by Defendants. None of this treatment constitutes an "adverse job action" under Title VII. Second, Count III alleges that Plaintiff was denied his right to procedural due process when he was demoted from his position as Department Chairman without a hearing or explanation. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). In order to succeed on his procedural

due process claim, Plaintiff will have to demonstrate that he possessed a property interest in his position as Department Chairman. *Johnson v. City of Fort Wayne, Indiana*, 91 F.3d 922, 942 (7th Cir. 1996). However, this is an issue more properly resolved at the summary judgment stage. Plaintiff's Count III procedural due process claim survives. The portion of Plaintiff's Count III based on Title VII is dismissed.

Plaintiff's Count IV alleges misuse of federal educational funds in some way constituted disparate treatment in violation of Title VII. Plaintiff alleges that funds were used for fixing the school's windows and lockers rather than the school's bathrooms. Title VII is intended to address discrimination in employment not the proper application of federal educational funds. While Plaintiff does allege that "Defendant failed to pay Plaintiff for a Saturday class taught for over a year," Plaintiff fails to allege this conduct resulted from discrimination. Plaintiff's Count IV is dismissed.

Plaintiff's Count V alleges that Defendants violated Title VII and the Voting Rights Act, 42 U.S.C. 1973 et seq., when the voter qualification rules for the "Local School Council" ("LSC") were changed to exclude people who worked in the building but were not employees of the school, and meetings were scheduled at a time when cafeteria workers would be unable to attend. The Voter Rights Act, 42 U.S.C. 1973, provides that "No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color..." Defendants have argued that the Voter Rights Act does not apply to the rules governing the LSC election. They contend that since Illinois' chief election law specifically exempts school elections (10 ILCS 5/2A-1), the Voter Rights Act does not apply to the

LSC election at issue. Paradoxically, Defendants then point out that the LSC elections are governed by another Illinois law, 105 ILCS 5/34-2.1. However, an election does not evade coverage under the Voter Rights Act merely because it is not covered by a state's chief election law (though covered by another provision). Defendants' Motion to dismiss Plaintiff's Voter Rights Act claim is denied since it is possible that Plaintiff may prove facts for which relief may be granted, given that local school boards may constitute "political subdivisions" covered by the Voter Rights Act. *See e.g., Smith v. Salt River Project Agricultural Improvement and Power District*, 109 F.3d 586, 592 (9th Cir. 1997). However, the present order should not be construed as resolving the issue of whether the LSC constitutes a "political subdivision." Plaintiff's Count V fails to state a claim under Title VII since Plaintiff fails to allege that he suffered an "adverse employment action" as discussed above. The allegation in Plaintiff's Count V based on Title VII is dismissed. The allegation in Plaintiff's Count V based on the Voter Rights Act survives.

Plaintiff's Count VI alleges that Defendants paid him less than a similarly situated white employee, have denied him the opportunity to teach AP classes, have removed "good students" from his classroom, and are "preparing" to discharge him in violation of Title VII. Plaintiff's claims regarding the AP class and removal of students are dismissed for failure to allege an adverse employment action as discussed above. Plaintiff's claim regarding Defendants' conspiracy to discharge him is likewise dismissed since no actual dismissal is alleged. However, Plaintiff's unequal pay claim is sufficient under Title VII and survives. Plaintiff's Count VI survives.

Plaintiff's Count VII once again alleges that Plaintiff's poor performance appraisals resulted from discrimination in violation of Title VII. This allegation was addressed in Count I. Plaintiff's Count VII is dismissed.

Defendants' arguments based on the statute of limitations and exhaustion of administrative remedies are denied with leave to argue again at the summary judgment stage.

Lastly, Defendant Beverly LaCoste is dismissed as a defendant in all Title VII claims, as individual defendants are not personally liable under Title VII. *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir. 1998). Plaintiff's Counts I, II, IV, and VII are dismissed.

## CONCLUSION

For the reasons stated herein, Defendants' Motion is granted as to Counts I, II, IV, and VII. Defendant LaCoste is dismissed as a defendant in all remaining Title VII claims.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: May 15 2001