Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5456 | **DATE** | 5/23/2002 |
| **CASE TITLE** | PETER MILTON JOSEPH vs. BEVERLY LACOSTE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to August 15, 2002 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion to dismiss is granted with respect to plaintiff's ADEA, FLSA, and sec. 1983 claims and denied with respect to plaintiff's Title VII and Voting Rights Act claims. Plaintiff's ADEA, FLSA, and sec. 1983 claims are dismissed without prejudice with leave to refile in forty-five days.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 2 4 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 53 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT,
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| PETER MILTON JOSEPH, ) <br> ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEVERLY LACOSTE and CHICAGO ) <br> BOARD OF EDUCATION, ) <br> ) <br> Defendants. ) <br> ) | Case No. 00 C 5456 <br><br> Hon. John W. Darrah |

DOCKETED
MAY 24 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Peter Milton Joseph ("Plaintiff"), filed a *pro se* eight-count amended complaint against Defendants, Beverly LaCoste ("LaCoste") and the Chicago Board of Education ("the Board") (collectively "Defendants"). Plaintiff's original complaint was dismissed without prejudice with leave to refile. All Title VII claims against LaCoste in her individual capacity were dismissed. Several of Plaintiff's other Title VII claims against the Board were dismissed for failure to allege an adverse employment action. Plaintiff's claim for violation of the Voting Rights Act, 42 U.S.C. § 1973 *et seq.*, survived.

Once again, Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the amended complaint. For the reasons set forth below, Defendants' Motion to Dismiss is granted in part and denied in part.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted

-1-

as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998). A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

The amended complaint, which consists of more than twenty single-spaced pages, is poorly organized and contains factual averments as well as legal arguments and conclusions. It is difficult to discern which claims are brought in which counts and under which statutes. A careful reading of the complaint supports the following facts. For purposes of this Motion to Dismiss, the following allegations are taken as true.

Plaintiff, an African-American, has been an English teacher at Phillips High School ("Phillips"), a Chicago public school, for twenty-four years. He has a Ph.D. LaCoste has been the principal at Phillips since the 1997-1998 school year.

One of LaCoste's responsibilities is evaluation of the performance of the teachers at Phillips.

Before LaCoste became principal, Plaintiff had always received "excellent" or "superior" ratings. However, during the 1997-1998 school year, LaCoste gave Plaintiff a "satisfactory" rating. As a result of this "satisfactory" rating, Plaintiff did not receive money to attend conferences on teaching advanced placement ("AP") classes, and his request to teach AP classes was denied. Also as a result of this "satisfactory" rating, Plaintiff lost an intangible property interest in his former "excellent" and "superior" ratings. Plaintiff incurred out-of-pocket expenses of $1,200 that he used to attend the AP teaching conferences. However, younger, white teachers were given "excellent" or "superior" ratings and, as a result, were permitted to attend conferences in and outside of the United States at the Board's expense.

Plaintiff filed complaints and grievances regarding the work conditions and labor practices at Phillips. As a result of these complaints, Defendants retaliated against Plaintiff by temporarily withholding his salary and allowing his personal property to be vandalized or, in one case, stolen while the property was at or near Phillips.

Plaintiff was formerly the chair of the English Department at Phillips. In April 2000, Plaintiff was demoted to classroom teacher without a hearing. A younger, white teacher, who was not qualified for the position, was then made the department chair. As a result of his demotion, Plaintiff was required to teach five, instead of four, English classes. The new department chair was afforded added benefits that had been denied Plaintiff when he was department chair, such as unorthodox scheduling that permitted the new department chair to be absent on holiday Mondays or to have extra time off.

Defendants' actions violated the collective bargaining agreement between the teachers' union and the Board.

## DISCUSSION

The essence of Plaintiff's claims are that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000(e) *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633(a) (2002), by discriminating and retaliating against him based on his race and age, and 42 U.S.C. § 1983, by depriving him of procedural due process rights when it denied him higher performance evaluations and demoted him from his position as chair of the English Department without a hearing. Plaintiff has also raised claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, (2002).

*Plaintiff's § 1983 Claims*

Under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978), a municipality cannot be held liable under a respondeat superior theory of liability, that is, solely because it employs the torfeasor. To state a § 1983 claim against a municipality, Plaintiff must allege that the municipality's custom or policy resulted in the deprivation of his constitutional rights. *Monell*, 436 U.S. at 694. "[P]laintiffs must allege an 'affirmative link' between the policy and the constitutional violation such that the enforcement of the policy was the 'moving force' behind the violation." *Crandall v. City of Chicago*, No. 00 C 14, 2000 WL 688948, at *2 (N.D. Ill. May 24, 2000). Plaintiff can do this by alleging "an express policy that causes a constitutional deprivation", "a widespread practice that . . . causes a constitutional deprivation and is so permanent and well settled as to constitute a custom and usage with the force of law", or a constitutional injury that was caused by a person with "final policymaking authority". *Crandall*, 2000 WL 688948, at *2 (quoting *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)).

Plaintiff's § 1983 claims are dismissed because Plaintiff does not allege that the Board

delegated final policymaking authority to LaCoste or that there is an express policy or widespread practice causing a constitutional deprivation.

*Plaintiff's Title VII Claims*

To allege discrimination indirectly, Plaintiff must allege that: (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was meeting his employer's legitimate performance expectations, and (4) his employer treated similarly situated employees who were not in the protected class more favorably. *Maarouf v. Walker Manufacturing Co.*, 210 F.3d 750, 751 (7th Cir. 2000).

From the complaint, it is difficult to determine whether there is no set of facts to support the allegations in the complaint. Construing all ambiguities in the complaint in favor of Plaintiff, *Kelly*, 135 F.3d at 1205, Plaintiff avers that he is black, was demoted from his position as chair of the English Department, and that a white teacher replaced him as a chair. Plaintiff's continued employment reasonably supports the inference that Plaintiff is meeting his employer's legitimate expectations. Therefore, Plaintiff has adequately pled a race discrimination claim under Title VII. It should also be noted that Plaintiff's Title VII unequal pay claim also survives. *See Joseph v. LaCoste*, No. 00 C 5456, 2001 WL 527316, at *2 (N.D. Ill. May 15, 2001). However, Plaintiff's Title VII claims against LaCoste in her individual capacity are dismissed as set forth in *Joseph*, 2001 WL 527316, at *3.

*Plaintiff's FLSA Claims*

The FLSA prohibits (1) the transport or sale in commerce of goods produced by workers in violation of the Act, (2) the violation of FLSA provisions concerning employee wages and hours worked, (3) the discharge of or discrimination against any employee who has filed any complaint or

instituted any proceeding under or related to FLSA, (4) violations of child labor provisions, and (5) violations of FLSA data collection provisions. 29 U.S.C. § 215. Count IV does not allege any such actions by Defendants. Therefore, Plaintiff's FLSA claims are dismissed.

*Plaintiff's ADEA Claims*

The complaint alleges that the chair of the English Department was filled with a younger, white teacher in violation of the ADEA. However, the complaint does not allege that Plaintiff is a member of a protected class under the ADEA.[1] Therefore, Plaintiff's ADEA claim is dismissed.

*Plaintiff's Voting Rights Act Claim*

Plaintiff's Voting Rights Act claim survives for the reasons set forth in this Court's earlier opinion. *See Joseph*, 2001 WL 527316, at *2.

## CONCLUSION

Defendants' Motion to Dismiss is granted with respect to Plaintiff's ADEA, FLSA, and § 1983 claims and denied with respect to Plaintiff's Title VII and Voting Rights Act claims. Plaintiff's ADEA, FLSA, and § 1983 claims are dismissed without prejudice with leave to refile in forty-five days.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: May 23, 2002

---

[1] Plaintiff argues that he is over forty years of age. (Mem. Supp. Pl.'s Rebuttal at 3.) However, this statement is not in the complaint and is raised only in Plaintiff's response to Defendant's Motion to Dismiss and shall not be considered in the disposition of this motion.

-6-